ÁNGELA ACEVEDO ET AL., demandante y recurrida, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrente.

*Número:* R-63-200     *Resuelto:* 23 de febrero de 1965

*J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados del recurrente; *Néstor A. Rodríguez Escudero,* abogado de la recurrida.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El Tribunal Superior, Sala de Aguadilla, condenó al Estado Libre Asociado a pagar al menor Eustaquio Rosario Acevedo, la suma de $1,500.00 en concepto de daños y perjuicios más $150.00 para honorarios de abogado.

La sentencia es errónea en tanto condena al Estado Libre Asociado a pagar honorarios de abogado. *Sucn. Arroyo* v. *Municipio,* 81 D.P.R. 434 (1959), seguido en *Estado Libre Asociado* v. *Pérez Valdivieso,* 83 D.P.R. 863, 877 (1961).

El Tribunal sentenciador concluyó que El Estado Libre Asociado fue negligente al ubicar en medio de la acera de la Calle Comercio de Aguadilla, una pieza de hierro en forma de espeque para fijar una señal de tránsito, con el cual tropezó el menor mientras caminaba por la referida acera.

■ La prueba no justifica la conclusión de que el indicado poste estaba ubicado en medio de la acera. Un testigo del demandante, ebanista, midió con un metro la acera y declaró que el poste con el letrero quedaba de 26 a 27 pulgadas del borde u orilla de la acera y que ésta medía de 60 a 62 pulgadas. Es evidente que quedaba un espacio libre de unos tres pies por donde los peatones podían discurrir sin riesgo indebido.

Dicho poste no constituía un estorbo y las partes están contestes en que por ley el Departamento de Obras Públicas está autorizado a ubicar esos postes para las señales de tránsito.

¿Cuál fue la causa del accidente? La propia prueba del demandante establece que se debió únicamente a su propio descuido y negligencia.

Su testigo, el ebanista, declaró que "Lo vi (al menor) que venía andando casi corriendo ligero con una carta en la mano. Dio un golpetazo sobre uno de los letreros que está puesto en la acera y cayó de cabeza." Más adelante declaró: "Pues el muchacho llevaba una carta en la mano. Parece que iba apurado, casi corriendo, casi ligero; parece que no miró el letrero o no lo vió y le dió en la cabeza."

El menor declaró que tenía dieciséis años y medio de edad y cursaba el segundo año de Escuela Superior. Esa tarde iba a echar una carta al correo y cuando iba andando ligero chocó con el anuncio, se dio unos golpes y cayó inconsciente. Declaró en la repregunta:

"P. Seguro. ¿Tú venías andando despacio o corriendo?
R. Andando ligero.
P. ¿Tú no usas espejuelos?
R. No.
P. Nunca los has necesitado?
R. No, señor.
P. ¿Tú venías mirando para el frente o para la espalda?
R. Yo venía leyendo el sobre de la carta.

P. ¿Entonces tú no estabas pendiente de lo que había al frente tuyo?

R. No, señor.

P. ¿Entonces tu leyendo vienes caminando ligero y leyendo la carta a la vez?

R. Si."

El otro y último testigo del demandante sólo oyó un "guatapanazo" miró y vio al muchacho en el suelo.

Es indudable que el demandante en este caso no observó un grado normal y razonable de cuidado dentro de las circunstancias concurrentes. *Ramos* v. *Carlo*, 85 D.P.R. 353 (1962); *Davidson* v. *Hettinger*, 62 D.P.R. 301 (1943); *Quiñones* v. *Colóm*, 71 D.P.R. 599 (1950). Su demanda no puede prosperar.

*Se revocará la sentencia apelada y se dictará otra declarando sin lugar la demanda.*