UNIVERSIDAD DE PUERTO RICO, demandante y apelada, *v.*
ROBERTO ALEJANDRO RIVERA y OTROS, demandados y
apelantes.

*Número:* O-81-599      *Resuelto:* 3 de noviembre de 1981

*Hiram Lozada Pérez, Alejandro Torres Rivera, Angel Raúl Pérez Muñiz* y *Félix J. Cristiá,* de Servicios Legales de Puerto Rico, Inc., abogados de los apelantes; la apelada no compareció.

PER CURIAM: El 20 de octubre de 1981 el Tribunal Superior, Sala de San Juan, a solicitud de la Universidad de Puerto Rico emitió un entredicho provisional contra los estudiantes universitarios Roberto Alejandro Rivera, Ramón Bosque Pérez, José Luis Rivera Quiñones, Iván Maldonado Cotto, Rafael Arroyo Mercado, Héctor Gil de Lamadrid Orlando, Carlos Molina Bernazar, José Rivera Santana, Eric Alvarez Feliciano, Luis Figueroa Martínez, Felipe Muñoz Rodríguez —además de Fulano de tal y Zutano de Tal— ordenándoles que se abstuvieran de entrar a los terrenos y dependencias que componen el Recinto de Río Piedras y de desobedecer y desacatar los reglamentos y

normas establecidos por dicha Universidad, basándose en una moratoria a la celebración de marchas, mítines, piquetes, asambleas y otras actividades extracurriculares similares decretadas por el Rector del Recinto, Arq. Antonio Miró Montilla,[1] con motivo de un movimiento huelgario estudiantil contra el alza uniforme en las matrículas.

El 26 de octubre la Universidad presentó contra los demandados apelantes Moción de desacato alegando que éstos habían desafiado el entredicho provisional entrando al campus universitario. El 28 de octubre el Hon. Tribunal Superior inició la vista de desacato, la cual culminó el 29, en que los demandados comparecieron voluntariamente y admitieron que habían entrado al Recinto. El tribunal los encontró incursos en desacato y sobre la base expresa del Art. 687 del Código de Enjuiciamiento Civil[2] sentenció a Roberto Alejandro Rivera y Ramón Bosque Pérez a noventa (90) días de cárcel, declarando que así lo hacía "por haber violado una orden similar en 1977" y a José Rivera Santana e Iván Maldonado Cotto a treinta (30) días de cárcel.

No conformes, acudieron en alzada a este Tribunal señalando como errores falta de jurisdicción sobre sus personas —por no haber sido citados personalmente, sino a través de abogado— y habérseles impuesto una pena de cárcel fija sin las garantías procesales mínimas.

La urgencia del asunto y el reclamo de los derechos invocados nos mueven a resolver prontamente el caso en virtud de nuestra Regla 50 del Reglamento.

I

El primer señalamiento es inmeritorio. Aparte de la

---

[1] La legalidad y constitucionalidad de esa orden pende de una apelación (O-81-530) en trámite ante este foro de una sentencia dictada en el caso civil núm. PE-1484 (907), *Elsie González Galoffin y otros* v. *Arq. Antonio Miró Montilla.*

[2] Vigente por no haber sido derogado, según se desprende de la Regla 72 de Procedimiento Civil de 1979.

citación válida a través de sus abogados, los peticionarios comparecieron y se sometieron a la jurisdicción del tribunal de instancia. (Minuta, 29 de octubre de 1981.) Más aún, admitieron haber desacatado la orden dictada. Bajo estas circunstancias, no es necesario pronunciamiento adicional alguno.

Ahora bien, la argumentación en torno a las penas de cárcel impuestas es atendible. El tribunal de instancia los sentenció a base del Art. 687 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 3533). Mediante resolución del 2 de noviembre reiteró el ejercicio de su facultad bajo ese precepto. El mismo reza:

> La desobediencia a un auto de *injunction*, es penable como desacato, por el tribunal.
>
> El tribunal puede dictar una orden de arresto, al quedar convencido, por declaración jurada, de la violación del *injunction* contra la persona que sea culpable de dicha violación, y, a discreción del tribunal, puede dicha persona ser sentenciada a pagar una multa que no exceda de quinientos dólares, (500) y a hacer inmediata restitución a la persona perjudicada, y a prestar mayor fianza para obedecer al *injunction, o, en defecto de ello,* podrá ser encarcelada por un tiempo que no exceda de seis meses. (Énfasis suplido.)

La facultad estatutaria conferida a un tribunal para castigar la desobediencia de un auto de *injunction*, como desacato —cuando un tribunal opta por proceder así al amparo del transcrito Art. 687, como sucedió en el caso de autos— se circunscribe, en primer lugar, a una penalidad de multa máxima de $500, restitución inmediata a la persona perjudicada y a una fianza en caución para garantizar el fiel cumplimiento del decreto judicial. Es a falta del cumplimiento de la multa, remedio de restitución o fianza dispuestos, que entonces procede, de *forma subsidiaria* —"en defecto de ello" dice el precepto cuyo significado es "a falta de"— la encarcelación por un término que no excederá de seis (6) meses. La frase "en defecto de ello" del citado Art. 687, es una traducción del texto original en

inglés *"in default of which"*. Véase la Sec. 13 de la Ley de 8 de marzo de 1906, Laws of Puerto Rico, 1906, pág. 89. *Default*, se define en la acepción que aquí nos concierne: *"To fail in fulfilling or satisfying an engagement, claim, contract, or agreement." The Living Webster Encyclopedic Dictionary*, 1975. Así, la imposición de cárcel por un término no mayor de seis meses a que se refiere el aludido artículo procede, como alternativa, si la persona que comete el desacato incumple alguna de las condiciones que el tribunal puede imponer, a saber "multa que no exceda de quinientos dólares, (500) y a hacer inmediata restitución a la persona perjudicada, y a prestar mayor fianza para obedecer al *injunction"*.

## II

■ Independientemente de la facultad inherente de los tribunales para vindicar la majestad de la ley y para hacer efectiva su jurisdicción y pronunciamientos —sea mediante el trámite tipificado como *desacato criminal* (Art. 235 del Código Penal, 33 L.P.R.A. sec. 4431), *el desacato civil* o el desacato por desobedecer un auto de *injunction* (Art. 687 *ante*), en los casos apropiados y con las salvaguardas establecidas por nuestra jurisprudencia— el ilustrado juez sentenciador escogió este último curso de acción. No obstante, al así hacerlo y ordenar en primer lugar, como medida punitiva, el ingreso inmediato de los peticionarios a la cárcel, no tuvo el beneficio de una guía jurisprudencial interpretativa de ese precepto. *Procede la modificación de la sentencia dictada por dicho foro a la brevedad posible. A tales efectos deberá excarcelar y requerir hoy la inmediata presencia de los peticionarios a los fines de imponerles en su discreción la multa que correspondiere, la prestación de fianza para obedecer el injunction, y demás condiciones que estimare procedentes.*

*Se dictará sentencia de conformidad.*