EFRAÍN DE LEÓN y OTROS, demandantes y recurridos, *v.* MA-
RÍA SOCORRO LACOT, ETC., demandada y peticionarios.

*Número:* CE-85-549     *Resuelto:* 26 de noviembre de 1985

*Héctor Rivera Cruz, Secretario de Justicia, y Josefa A. Román
García, Procuradora General Auxiliar,* abogados de El Pue-
blo; *Georgina Candal* y *Rafael Cordero,* abogados de los re-
curridos.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Los aquí recurridos instaron acción de *injunction* contra
la Secretaria de Instrucción y otros funcionarios para que
éstos cumplieran con los deberes y obligaciones impuestos por
la Ley del Programa de Educación Especial, 18 L.P.R.A. sec.
1331 y la Ley Federal Núm. 94–142 (20 U.S.C. sec. 1401).
Celebrada la vista evidenciaria, el 10 de febrero de 1984 el
tribunal declaró con lugar la acción ordenándoles a los deman-
dados realizar una serie de actos, entre ellos, reembolsarles a
los padres de los menores demandantes los gastos de transpor-
tación incurridos y proceder a enmendar el Reglamento 2388
del Programa de Educación Especial. Por no haber cumplido

la totalidad de la orden, los demandantes se vieron obligados a radicar una moción de desacato, fechada el 21 de noviembre de 1984. Para la fecha de la vista del 12 de abril de 1985, los demandados todavía no habían cumplido lo ordenado. Por dicha razón el tribunal declaró con lugar la moción de desacato y condenó a los demandados a pagar la suma de $500 de honorarios de abogado de los demandantes, como restitución por los gastos y gestiones que éstos llevaron a cabo para obtener el cumplimiento de la orden del tribunal. El 28 de mayo de 1985 el tribunal ordenó el pago de los honorarios fijados. El 19 de agosto de 1985 se radicó este recurso. Habiéndose opuesto los recurridos, procedemos a resolver sin trámite ulterior.

■ La contención del Procurador General es que el Estado y sus funcionarios no están sujetos al pago de honorarios de abogado. Invoca la norma invariable de este Tribunal de que bajo la Regla 44.3 (b) de Procedimiento Civil y la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. secs. 3077–3084, el Estado no puede ser condenado por honorarios de abogado. *Colondres Vélez* v. *Bayrón Vélez*, 114 D.P.R. 833 (1983) ; *Acevedo* v. *E.L.A.*, 91 D.P.R. 796 (1965). También señalan que ni la ley local ni la federal sobre educación especial autorizan la condena del pago de honorarios de abogado.

■ No hay duda de que esa es la doctrina general. Así lo aceptan los recurridos. Pero en este caso los honorarios impuestos fueron por haber sido los funcionarios declarados incursos en desacato y no como parte de la sentencia. ¿Procede bajo esta situación la condena de honorarios de abogado contra el Estado? Resolvemos en la afirmativa.

Los peticionarios no nos orientan sobre este punto específico. Se limitan a invocar la norma general aplicable a las sentencias. Los recurridos se amparan en el poder inherente de los tribunales para proteger, por vía del desacato, el cumpli-

miento de las órdenes judiciales, especialmente en los casos de *injunction;* Art. 687 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3533; *U.P.R.* v. *Alejandro Rivera,* 111 D.P.R. 682 (1981) ; *U.P.R.* v. *Merced Rosa,* 102 D.P.R. 512 (1974) ; *Gandía* v. *Marín,* 63 D.P.R. 517 (1944).

■ Resolvemos que como una alternativa menos drástica que la de ordenar la encarcelación o el pago de una multa por los funcionarios públicos que desacatan una orden de *injunction,* los tribunales tienen la facultad para imponerle al Estado el pago de honorarios de abogado. Resolver lo contrario afectaría adversamente el poder de los tribunales para hacer cumplir sus órdenes de *injunction.* Véase *Cabrera* v. *Municipality of Bayamón,* 622 F.2d 4 (1er Cir. 1980).

El hecho de que la ley local y la federal de educación especial no autoricen expresamente el pago de honorarios [1] de abogado, no altera el resultado. Repetimos, que la condena no es parte integrante de la orden de *injunction.* Estamos ante una sanción por desacatar dicha orden. En esta situación no son aplicables las exenciones que cobijan al Estado Libre Asociado. *Colondres Vélez* v. *Bayrón Vélez,* supra, pág. 841.

Por no haber la parte recurrente cuestionado la determinación de que fue correctamente declarada incursa en desacato, *procede confirmar la orden en todas sus partes.*

---

[1] *Smith* v. *Robinson,* 468 U.S. 992, 82 L. Ed.2d 746 (1984).