Cabán Castro, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Se nos solicita revisemos una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina, mediante la cual no se conceden honorarios de abogado a favor de la parte prevaleciente, los demandantes-apelantes. Alegan los apelantes que erró el Tribunal de Primera Instancia al no concederle éstos a tenor con la Regla 44.1 de las de Procedimiento Civil, la Ley de Educación Especial y la Ley de Derechos Civiles. 
*892 El co-demandante-apelante, Gil Francisco Bravo Rivera (Gil Francisco), es un joven de 20 años de edad, que desde 1981 ha participado como estudiante del "Programa de Educación Especial del Departamento de Educación del Estado Libre Asociado de Puerto Rico".
De acuerdo con lo resuelto en el caso de Rosa Lydia Vélez v. Awilda Aponte Roque, Civil 80-1738, ante el Tribunal Superior, Sala de San Juan, Gil Francisco tenía derecho a ser evaluado, ubicado y a recibir todos los servicios educativos y relacionados de conformidad con su impedimento, y de acuerdo con un plan educativo individualizado dentro del término de veinte (20) días desde su registro.
El 4 de mayo de 1989, María Antonia Rivera, madre de Gil Francisco, solicitó copia del expediente académico de éste al Departamento de Educación. Como no obtuvo copia del expediente escolar la co-apelante radicó una querella administrativa. El 19 de abril de 1990 los apelantes radicaron una moción de desacato dentro del caso de Rosa Lydia Vélez, supra, alegando su derecho a tener acceso y a copiar el expediente de Gil Francisco. El 11 de mayo de 1990 en una vista celebrada dentro de este caso ante un comisionado, el Departamento de Educación acordó evaluar a Gil Francisco y revisar su "Plan Educativo Individualizado" (PEI) durante julio de 1990, y tenerlo listo para el 31 de julio de 1990 con el fin de que estuviese disponible para el comienzo del curso escolar de agosto de 1990.
El 23 de agosto de 1990, en una vista de seguimiento ante el comisionado, las partes estipularon cuáles fueron las evaluaciones realizadas durante el verano de 1990 y además que no se había preparado el PEI. En esta vista los apelantes solicitaron el que continuara la vista de desacato por incumplimiento con las estipulaciones del 11 de mayo de 1990. 
Tras una serie de vistas, el 5 de septiembre de 1991, el Departamento de Educación cesó de prestarle servicios educativos a Gil Francisco sin mediar una notificación previa por escrito. El representante legal del Departamento de Educación acordó pautar reuniones con el fin de preparar el PEI y determinar la ubicación escolar definitiva de Gil Francisco, además acordó ubicarlo preliminarmente en una escuela vocacional. Transcurrieron otra serie de vistas sin que se cumpliera con lo estipulado. El 10 de febrero de 1992, la co-apelante radicó una segunda querella administrativa ante la oficina del superintendente de escuelas.
Dada la inacción por parte del Departamento de Educación, los apelantes radicaron, el 1ro. de mayo de 1992, una demanda solicitando sentencia declaratoria, "injunction", y daños y perjuicios. Los apelantes solicitaron remedios bajo la Ley de Derechos Civiles Federal, 42 U.S.C.A. § 1983 (1994), la Ley de Injunction contra Funcionarios Públicos, 32 LPRA § 3521 y ss. (1990), la Ley Federal de Educación para Niños con Impedimentos, 20 U.S.C.A. § 1400 y ss. (1990), la Ley de Programa de Educación Especial de Puerto Rico, 18 LPRA § 1331 y ss. (1989) y el artículo 1802 del Código Civil, 31 LPRA § 5141 (1990). El 28 de noviembre de 1994, el Tribunal de Primera Instancia dictó sentencia declarando con lugar la petición de Injuction, y la demanda en daños y perjuicios. La misma fue notificada a las partes con fecha de 18 de enero de 1995. Es de esta sentencia que los apelantes solicitan nuestra revisión por no habérseles concedido honorarios de abogado.
La Regla 44.1(d) de las de Procedimiento Civil en lo pertinente a la alegación de los apelantes dispone:

"(a) Honorarios de abogado. En caso que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta." 

Esta regla es la que establece la norma general en nuestro ordenamiento jurídico para sancionar la temeridad de un litigante perdidoso mediante el pago de honorarios de abogado, con excepción del Estado. 
En Colondres Vélez v. Bayrón Vélez, supra, nuestro Tribunal Supremo se reafirmó en que de acuerdo con el historial legislativo de la Ley de Reclamaciones y Demandas contra el Estado, en las acciones contra el Estado autorizadas por dicha ley no procede imponer a éste el pago de honorarios *893 de abogado. 
La norma general es que no procede la imposición de honorarios de abogado e intereses por temeridad contra el Estado, salvo disposición expresa en contrario. Esta norma es aplicable tanto al ámbito judicial como al administrativo. Se ha resuelto que procede también la imposición de honorarios de abogado al Estado, además de cuando exista una disposición expresa en contrario, cuando sus funcionarios desacatan una orden, pero no como parte de la sentencia del caso principal. 
En conclusión, a tenor con la Regla 44.1 de las de Procedimiento Civil, supra, no procede el conceder honorarios de abogado a la parte prevaleciente en contra del Estado, por este último alegadamente haber incurrido en temeridad. Por lo que el argumento de los apelantes de que procede imponer honorarios de abogado a tenor con esta regla es incorrecto. La Ley Federal de Educación Especial en cuanto a honorarios de abogado dispone:
"In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys fees as part of the cost to the parents or guardian of a handicapped child or youth who is the prevailing party." 20 U.S.C.A. § 1415(e)(49(B) (1990)
Por su parte, la Ley de Derechos Civiles en cuanto a este mismo aspecto dispone:
"In any action or proceeding to enforce a provision of section 1981, 1981a, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.] or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C.A. § 1988(b) (1994)
Contrario a la Regia 44.1(d) de las de Procedimiento Civil, supra, las leyes federales citadas no descansan en la determinación de temeridad de la parte perdidosa en el pleito para la imposición de honorarios de abogado. "Su propósito no es sancionar, sino proveer un remedio completo para fomentar la vindicación de derechos civiles. Su imposición procede contra los funcionarios del Estado." 
Los criterios que se deben tomar en consideración para la imposición a la parte perdidosa de honorarios de abogados bajo estas disposiciones legales son los siguientes:

("1) que la parte a cuyo favor se conceden haya prevalecido en la acción,

(2) que a discreción del tribunal procede la imposición de honorarios, y

(3) que la cuantía impuesta sea razonable."

Para que una parte sea considerada "parte prevaleciente" para efectos de la concesión de honorarios de abogado, basta que ésta haya tenido éxito en por lo menos un asunto significativo de la acción en cuestión. Este asunto tiene que estar relacionado con la reclamación incoada bajo estas leyes federales. 
Surge claramente de la sentencia apelada que los demandantes-apelantes tuvieron éxito en los asuntos que plantearon ante el foro de primera instancia, y que estos asuntos y los remedios que obtuvieron están basados en la Ley Federal de Educación Especial, supra, y la Ley de Derechos Civiles, supra. Por lo tanto, los apelantes son parte prevaleciente para efectos de la concesión de honorarios de abogados. 
El segundo requisito que surge de estas disposiciones legales es que a discreción del tribunal proceda la imposición de honorarios. El Tribunal Supremo Federal ha interpretado este requisito concluyendo que el ejercicio de la discreción del tribunal con respecto a la concesión de honorarios de abogado bajo la sección 1986 de la Ley de Derechos Civiles, supra, es limitada. El parámetro a seguir *894 en este tipo de casos es que sólo por circunstancias especiales y extraordinarias en que resulte injusto imponer honorarios puede denegarse su concesión. 
La discreción del tribunal en la concesión de honorarios bajo la Ley Federal de Educación Especial, supra, se rige por iguales criterios por lo que le es también de aplicación estos parámetros establecidos en el ámbito federal. 
Ni del expediente de autos ni del recurso de apelación surgen circunstancias especiales y extraordinarias que den lugar a que la concesión de honorarios sea una injusta. Por lo que el Tribunal de Primera Instancia abusó de su discreción al no otorgar honorarios.
En cuanto a la razonabilidad de la cuantía no entraremos en ese asunto, ya que esto debe ser dilucidado por el Tribunal de Primera Instancia, a base de lo solicitado por los apelantes.
Por todo lo antes expuesto, concluimos que como cuestión de derecho no procede la concesión de honorarios de abogado contra el Estado a tenor con la Regla 44.1 de las de Procedimiento Civil, supra, y sí procede la concesión de éstos a tenor con la Ley de Educación Especial, supra, y la Ley de Derechos Civiles, supra. Se modifica en ese aspecto la sentencia apelada. Se devuelve el caso al tribunal de instancia para ulteriores procedimientos conforme con esta sentencia.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 225
I.132 LPRA Ap. Ill R. 44.1 (1983).
2.20 U.S.C.A. § 1415(e)(4)(B) (1990).
3.42U.S.C.A. § 1988 (1994).
4. El 12 de diciembre de 1990 vuelven a solicitar la continuación de la vista de desacato.
5. El 6 de diciembre de 1991, los apelantes radicaron otra moción solicitando desacato donde volvieron a insistir en que se celebrara una vista de desacato en el caso de Rosa Lydia Vélez, supra.
6. 32 LPRA Ap. III R. 44.1(d) (Sup. 1994).
7. Véanse: Bonilla v. Chardón, 118 DPR 599, 617 (1987); Colondres Vélez v. Bayron Velez, 114 DPR 833, 839 (1983); Acevedo v. E.L.A., 91 DPR 796 (1965).
8. Núm. 104 de 29 de junio de 1955,32 LPRA §§ 3077 a 3084 (1990).
9. Véase también: Sucn. Arroyo v. Municipio, 81 DPR 434 (1959).
10. Catalytic Ind. Maint. Co. v. F.S.E., 121 DPR 98 (1988).
11. De León v. Sria. de Instrucción, 116 DPR 687 (1985).
12. Bonilla v. Chardón, supra, 617.
13. Hensley v. Eckenthardt, 461 U.S. 424 (1983); Véase también: Wheeler by Wheeler v. Towanda Area School Dist, 950 F. 2d 128 (Pa. 1991).
14. Smith v. Robinson, 468 U.S. 992 (1984); Barbara R. v. Firozzi, 665 F. Supp. 141 (1987).
*895 15. Véase: Phelan v. Bell, 8 F. 3d 369 (Mich. 1993), donde se concluyó que una madre que exitosamente logró que se le realizara un "Programa Educacional Individualizado" apropiado para su hijo severamente incapacitado, es parte prevaleciente de acuerdo con la Ley de Educación Especial; Boreng Asser v. Arkansas States Bd. of Educ., 996 F. 2d 196 (Ark. 1993); Fenneman v. Town of Gorham, 802 F. Supp. 542 (D. Me. 1992).
16. Blanchard v. Bergeron, 489 U.S. 87 (1989). Veánse también: Topanga Press, Inc. v. City of Los Angeles, 989 F. 2d 1524 (Cal. 1993); Di Filippo v. Morizio, 759 F. 2d 231 (Conn. 1985); David v. Travisons, 621 F. 2d 464 (R.I. 1980).
17. Véase: Independent School Dist. No. 623 Roseville, Minnesota v. Digre, 893 F. 2d 987 (1990).