JOSEFINA BELTRAN PEÑA, CARLOS E. HERRERA Y
LA SOCIEDAD LEGAL DE GANANCIALES
COMPUESTA POR AMBOS
Demandante-Apelada

v.

MUNICIPIO DE SAN JUAN
Demandado-Apelante

AUTORIDAD DE EDIFICIOS PUBLICOS
ASEGURADORA Z, CONTINENTAL CONSTRUCTION
CO. INC, CIGNA INSURANCE COMPANY
Demandados

Núm. KLAN-95-01205

RECEIVED

OCT 0 4 1996

SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

San Juan, Puerto Rico, a 10 de abril de 1996

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La apelante, Municipio de San Juan, solicita la revocación de una sentencia emitida el 22 de junio de 1995 por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan. ██ Mediante ésta, dicho foro declaró con lugar la demanda instada por la co-demandante apelada Josefina Beltrán Peña en *solicitud de indemnización por los daños resultantes de una caída sufrida por ésta*, y condenó al Municipio de San Juan a satisfacerle la suma de $10,000.00 por concepto de daños físicos a su persona, $5,000.00 por concepto de angustias mentales, el interés legal sobre dichas sumas, así como una partida adicional de $3,000.00 por concepto de honorarios de abogado, por temeridad. ██

Como fundamentos de impugnación señala y argumenta el municipio apelante que el tribunal de instancia incidió al no considerar que la Sra. Beltrán Peña incurrió en negligencia cuando intentó pasar por un área donde en ese momento se estaba llevando a cabo una excavación en la vía pública. Cuestiona, además, en un segundo señalamiento de error, la valoración que de la prueba hizo dicho foro. ██

Encontrándonos en condición de dictaminar, luego de un análisis del recurso instado a la luz del derecho aplicable y la jurisprudencia interpretativa resolvemos, por los fundamentos que a continuación habremos de exponer, *que resulta procedente modificar la sentencia apelada a los efectos de adjudicarle un veinte por ciento (20%) de negligencia a la Sra. Beltrán Peña por la ocurrencia del accidente, así como para eliminar la partida concedida por concepto de honorarios por temeridad*, los que resultan improcedentes en derecho. Así modificada se confirmará en sus demás extremos.

Los hechos que resultan materiales a la adjudicación de la controversia a que se contrae el caso de epígrafe, según expuestos en la exposición estipulada de la prueba sometida por las partes, no están en controversia ante este foro apelativo.

El 23 de septiembre de 1992 la Sra. Josefina Beltrán Peña, de 72 años de edad y residente del área de Puerta de Tierra, decidió acudir al Cementerio del viejo San Juan con el propósito de verificar si se había realizado un trabajo de limpieza en la tumba de su señora madre, el que había sido ordenado por ella. A tales efectos se transportó en una guagua de la Autoridad Metropolitana de Autobuses, bajándose en la parada de Covadonga. Procedió entonces a caminar todo el trayecto por la acera hasta la Calle Boulevard del Valle del viejo San Juan, estando el día soleado. Declaró entonces la Sra. Beltran Peña que al llegar a la Muralla de la Perla, la que colinda con la Calle Boulevard del Valle, observó que había un proyecto en construcción, en el que trabajaban unos obreros con un martillo eléctrico, Indicó, además, que al llegar al área de la calle de entrada al cementerio, donde se llevaban a cabo las obras antes descritas, *"el lugar estaba lleno de arenilla, gravilla y piedra, pero que aún así se permitía el tránsito de vehículos de motor, ya que la calle no había sido cerrada y ese era el único acceso al cementerio por la Calle Boulevard del Valle"*. Declaró a continuación que al intentar pasar por la calle donde se encontraban los obreros trabajando, ello luego de tener que abandonar la acera por motivos de dicha construcción, pisó sobre la gravilla, lo que la hizo resbalar cayendo todo su cuerpo sobre su pie derecho.

Como resultado de la caída, sufrió la fractura del maleolo lateral del pie derecho. Indicó que fue asistida por los obreros que allí trabajaban, sufriendo intenso dolor desde la rodilla hacia abajo, siendo transportada en ambulancia al Centro Médico donde le enyesaron el tobillo. Testificó por último que tuvo que permanecer con el yeso por aproximadamente tres semanas, para luego continuar visitando

esporádicamente a su médico, el Dr. Jorge Cheleuitte, quien la atendió hasta el mes de marzo de 1994, fecha en que fue dada de alta. Indicó que estuvo como un mes sufriendo de dolores, los cuales tuvo de día y de noche, afectándose sus labores en el hogar.

Como testigo perito de la parte demandante declaró el Dr. Jorge Cheleuitte, cuyo testimonio fue a los efectos de que la atendió el día 8 de octubre de 1992, es decir, una semana luego de la ocurrencia del accidente. Testificó éste que, según sus récords, la examinó al menos en 14 ocasiones y hasta que la dio de alta el 8 de marzo de 1994. Atestó, además, que como resultado de la condición de la demandante le asignó una incapacidad en el tobillo de un venticinco por ciento (25%), equivalente a un cinco porciento (5%) de sus funciones generales.

Además de dicha prueba testifical, la demandante presentó en evidencia una fotografía del lugar del accidente y copia de una contestación a interrogatorio donde el Municipio de San Juan aceptó que el área donde ocurrió el accidente estaba bajo su control y dominio. ■

Por la co-demandada Continental Construction Company, quien tenía a cargo las obras del proyecto de la Plaza del Quinto Centenario para la fecha de la ocurrencia del accidente, testificó el Ing. Frank Cue García, cuyo testimonio fue a los efectos de que su compañía no estaba realizando trabajos en el área donde la apelada sufrió la caída. Este declaró, además, que para la fecha del accidente se estaban reparando las aceras del sector.

Por último, el Municipio de San Juan presentó como único testigo al Ing. José Cruz Medina, Director de Obras Públicas Municipal, cuyo testimonio fue a los efectos de que *"según los documentos [por él] examinados tanto la Calle Boulevard del Valle como la acera estaban bajo el control y dominio municipal"*, para luego atestar que *"ni en los archivos, ni en los récords municipales surgía información que demostrara que el Municipio hubiese tenido algún proyecto, obra o empleado municipal...rompiendo la calle ni aceras en el lugar donde se accident[ó] la demandante"*. Concluyó su testimonio declarando que para la fecha de la ocurrencia del accidente no se desempeñaba como Director de Obras Públicas.

Sometido el caso por las partes y a base de dicha prueba, el tribunal de instancia emitió la sentencia que es objeto del recurso que nos ocupa, adjudicando total responsabilidad por la ocurrencia del accidente al Municipio de San Juan, a quien le impuso la obligación de indemnizar a la Sra. Beltrán Peña por los daños resultantes, según ya indicado, y a quien condenó, además, a satisfacer una partida adicional por concepto de honorarios por temeridad.

Veamos ahora si el tribunal de instancia incidió *"al no considerar que la demandante incurrió en negligencia cuando...intentó pasar por un área donde en ese momento se estaba llevando a cabo una excavación en la vía pública"*. ■ Posteriormente examinaremos la procedencia de la imposición de honorarios por temeridad, error que aun cuando no señalado ni discutido por la apelante en el recurso instado, tratándose de uno de derecho, amerita acción correctiva de nuestra parte. En lo que respecta al segundo señalamiento de error, mediante el cual se cuestiona la valoración que de la prueba hizo el tribunal, ello para argumentar que incidió el tribunal al no desestimar la demanda, el mismo es patentemente frívolo y no amerita discusión alguna de nuestra parte.

## II

En nuestra jurisdicción es regla general, en el campo de la responsabilidad extracontractual, que toda persona que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, viene obligado a reparar el daño causado si concurren los requisitos dispuestos en el Art. 1802, Código Civil, 31 L.P.R.A. sec. 5141, a saber: la ocurrencia de un daño real, un acto u omisión culposo o negligente; y la existencia de un nexo causal entre el daño y la acción u omisión de otra persona. *Torres Maldonado v. J.C. Penney, Co.*, ___ D.P.R. ___ (1992), **92 J.T.S. 62**; *Arroyo López v. E.L.A.*, ___ D.P.R.___ (1990), **90 J.T.S. 101;** *Díaz v. E.L.A.*, 118 D.P.R. 395, 418 (1987); *Pérez Escolar v. Collado*, 90 D.P.R. 806, 811 (1969); *Hernández v. Fournier*, 80 D.P.R. 93, 96 -97 (1957). Por otro lado, *"[l]a imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización"*. Art. 1802, *supra*. ■ Priva así en nuestra jurisdicción la doctrina de negligencia comparada o de concurrencia de culpas, mediante la cual la negligencia del demandante no derrota su causa de acción, pero se toma en cuenta para reducir su indemnización a base del

porciento de su negligencia. *Torres Pérez v. Medina Torres,* 113 D.P.R. 72 (1982); *Prieto v. Maryland Casualty Co.,* 98 D.P.R. 594 (1970).

Atendiendo ahora la situación particular del caso que nos ocupa, argumenta la apelante que el tribunal de instancia incidió al no desestimar la acción instada por la Sra. Beltrán Peña, toda vez que el accidente fue resultado del riesgo por ella asumido al intentar pasar por un lugar *"donde en ese momento se estaba llevando a cabo una excavación".* Ello nos obliga a examinar la doctrina de asunción de riesgo, la que dicta que si *"el demandante, expresa o implícitamente, consiente a exponerse a sufrir daños como consecuencia de un riesgo particular creado por el demandado, queda impedido de recobrar por los daños sufridos".* Carlos J. Irizarry Yunqué, *Responsabilidad Civil Extracontractual,* pág. 308, U.I.A. (1995). Esta doctrina, la que ha sido incorporada en nuestra jurisdicción en su doble acepción, *Soto v. Tropigas,* 117 D.P.R. 863, 866 (1986), postula en su primera acepción que un demandante está impedido de reclamar por la negligencia de un demandado porque así lo prohibe un pacto expreso o tácito habido entre ellos, o cuando se determina que el demandado no ha incurrido en responsabilidad ya que no tenía obligación de clase alguna con el reclamante, o de haberla tenido no la quebrantó. *Viñas v. Pueblo Supermarket,* 86 D.P.R. 33, 36 (1962). Ciertamente no es esta la situación aplicable al caso de autos. La otra acepción, clasificada como secundaria, es aquella que se opone como defensa afirmativa por quien ha quebrado una obligación, *Id.* a la pág. 37, pretendiéndose con ella oponer a la reclamación de un demandante la negligencia comparada o concurrencia de culpas, implicando que la negligencia del demandante, si bien no lo priva de su causa de acción, conlleva la reducción de la indemnización con ajuste al grado de su negligencia.

Al aplicar ahora los principios antes reseñados a la situación particular del caso que nos ocupa, evidente resulta que la prueba aportada era suficiente para apoyar las determinaciones del tribunal de instancia referentes al estado de peligrosidad en que se encontraban la acera y la calle donde ocurrió el accidente; que éstas estaban bajo el control y jurisdicción de la apelante, Municipio de San Juan; que era el Municipio quien tenía la obligación de su limpieza, mantenimiento y reparación; así como que era éste quien venía obligado a mantenerlas en condición de razonable seguridad. Quedó también establecido a satisfacción del tribunal la ocurrencia del accidente y los daños resultantes. Frente a tal prueba resultaba totalmente improcedente la desestimación de la demanda solicitada por la apelante. Basta con señalar que el Estado, así como los municipios, responden por los riesgos razonablemente predecibles y anticipables. *Díaz v. E.L.A.,* 118 D.P.R. 395, 401 (1987). Es decir, en circunstancias donde se falta al deber de prever las consecuencias de actos culposos o negligentes, nace la obligación de resarcir del que así actúa, y los municipios no están al margen del cumplimiento de tal deber y de las obligaciones que emanan del mismo,

Réstanos por determinar ahora si la Sra. Beltrán Peña contribuyó con su negligencia a la ocurrencia del accidente y en tal caso, ante la concurrencia de culpas, establecer la proporción de negligencia que debe serle adjudicada.

En cuanto a este extremo, el tribunal de instancia determinó que *"la caída sufrida y los daños resultantes fueron consecuencia de "la falta de cuidado y/o [sic] diligencia del demandado Municipio de San Juan, sus empleados, agentes o mandatarios al dejar arena desparramada en un lugar donde transcurría el público y donde era previsible que una persona se podía caer como ocurrió en este caso".* Al así dictaminar, relevó totalmente de responsabilidad por la ocurrencia del accidente a la apelada, haciendo abstracción de la realidad de que ésta, al cruzar por el área donde se estaban realizando los trabajos, había observado el estado en que se encontraba la calle y el grado de peligrosidad envuelta. Así, conociendo el riesgo, en lugar de evitar pasar, se aventuró a continuar su trayectoria cruzando por el lugar donde se estaban conduciendo los trabajos, *"el que estaba lleno de arenilla y piedras".* Con tal proceder asumió parte del riesgo por la ocurrencia del accidente, el que, en su caso, se convierte a todo efecto legal en negligencia comparada. Esta, en el caso que nos ocupa, la estimamos en un veinte por ciento (20%), por lo que en dicha proporción resulta procedente reducir la indemnización concedida por el tribunal de instancia por los daños resultantes del accidente que dio base a la interposición de la demanda. Con tal limitado alcance resulta procedente modificar la sentencia apelada. Implícito en nuestro dictamen está que la apelante incurrió en un mayor grado de responsabilidad por la ocurrencia del accidente, la que estimamos en un ochenta por ciento (80%), al crear o tolerar una situación riesgosa para los transeúntes y no adoptar medidas para físicamente evitar o reducir tal riesgo mediante la creación de un área segura de paso, erigiendo vallas o instalando

avisos y señales de precaución, instruyendo a los obreros a orientar a los viandantes sobre las condiciones peligrosas del área, o ya cerrando la calle al acceso vehicular y peatonal. Tal responsabilidad no puede ser descargada con una mera alegación de desconocimiento *"oficial"* de la obra en cuestión en un área que, por estipulación de partes, estaba bajo su total control y responsabilidad.

## III

Por último, y atendiendo ahora el pronunciamiento del tribunal de instancia al condenar e imponer a la apelante la suma de $3,000.00 por concepto de honorarios por temeridad, ▮ resolvemos que los mismos son totalmente improcedentes en derecho. Siendo ello así e independientemente de que dicha imposición no ha sido objeto de impugnación por el municipio apelante en el recurso que nos ocupa, la misma no puede prevalecer.

Como sabemos, la norma vigente en nuestra jurisdicción es que no proceda la imposición de honorarios de abogado por concepto de temeridad contra el Estado Libre Asociado o los Municipios. En lo que respecta al Estado, tal limitación origina del Art. 8 de la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3083, que en lo pertinente dispone que *"[l]a sentencia contra el Estado no incluirá en ningún caso el pago de intereses, por período alguno anterior a la sentencia ni concederá daños punitivos",* según interpretado dicho artículo por el Tribunal Supremo en *Sucn. Arroyo v. Municipio,* 81 D.P.R. 434 (1959). En dicho caso, luego de un análisis de la trayectoria histórica de la norma sobre imposición del pago de costas y honorarios de abogado al Estado, se resolvió expresamente que no procede imponerle a éste el pago de honorarios de abogado por temeridad. Tal prohibición ha sido reiteradamente sostenida por el Tribunal Supremo. Véase *Ramos Rivera v. E.L.A.,* 90 D. P.R. 828 (1964); *Acevedo v. E.L.A.,* 91 D.P.R. 796 (1965); *Colondres Vélez v. Bayrón Vélez,* 114 D.P.R. 833 (1983); *Rodríguez Cancel v. A.E.E.,* 116 D.P.R. 443 (1985); *De León v. Secretaria de Instrucción,* 116 D.P.R. 687 (1985); *Monrozeau v. Secretario de Justicia,* 121 D.P.R. 885 (1988); *Pamel Corp. v. E.L.A.,* 124 D.P.R. 853 (1989).

En lo que respecta a los municipios, de la misma manera que no procede la imposición de honorarios de abogado contra el Estado en acciones bajo la Ley de Pleitos contra el Estado, tampoco procede la imposición de honorarios de abogado contra un municipio en acciones instadas en su contra por daños y perjuicios a la persona o la propiedad por culpa o negligencia de éstos, por contener la ley que reglamenta tales reclamaciones igual limitación. Así, el Art. 15.005 de la Ley Núm. 81 de 1991, L.P.R.A. sec. 4705, dispone en lo pertinente que *"[l]a sentencia que se dicte contra cualquier municipio...no incluirá en ningún caso el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos".* Consecuencia obligada de tal prohibición es que resulta improcedente imponer honorarios de abogado e intereses por temeridad en las acciones civiles instadas contra el Estado o contra un municipio. *Colondres Vélez v. Bayrón Vélez, supra.* Al aplicar los principios antes reseñados al caso particular que nos ocupa, resulta forzoso concluir que incidió el tribunal de instancia al condenar al Municipio de San Juan a satisfacer honorarios de abogado por temeridad. Procede en consecuencia modificar la sentencia apelada para eliminar la parte dispositiva que ordena el pago de los mismos.

## IV

Por los fundamentos antes consignados se dicta sentencia modificando la apelada a los fines de adjudicarle a la Sra. Josefina Beltrán Peña, aquí parte apelada, un veinte por ciento (20%) de negligencia por la ocurrencia del accidente, ajustando así aquella del Municipio de San Juan a un ochenta por ciento (80%). Conforme a la negligencia comparada aquí determinada se ajustará el derecho que le asiste a la parte apelada a ser indemnizada por los daños resultantes, según determinados por el tribunal de instancia. Se modifica, también la sentencia apelada para eliminar la parte dispositiva que ordena el pago de honorarios por temeridad. Así modificada la sentencia apelada, se confirma la misma en sus demás extremos.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

**1.** Aun cuando denominado "Recurso de *certiorari*" tratándose de una apelación, así fue considerado. A tales efectos emitimos Resolución el 6 de octubre de 1995, disponiendo la conversión del mismo y ordenando su perfeccionamiento conforme a lo dispuesto en las Reglas 37, 40 y 41 del Reglamento de este Foro.

**2.** En lo que respecta a la acción instada por Carlos Herrera, esposo de la Sra. Beltrán, y aquella instada para beneficio de la Sociedad Legal de Gananciales, las mismas fueron desestimadas *"por falta de prueba suficientes en derecho"*. El foro de instancia también dispuso la desestimación de la demanda en todas sus partes en cuanto a las co-demandadas Autoridad de Edificios Públicos, Continental Construction Company y Cigna Insurance Co. of Puerto Rico. Estos extremos de la sentencia no fueron objeto de interposición de recurso alguno, por lo que se encuentran fuera del ámbito de nuestra función revisora.

**3.** En el segundo error señalado indica que incidió el tribunal *"al concluir que el testimonio del Ing. José Cruz Medina, Director de Obras Públicas Municipal, no merecía credibilidad por el mero hecho de que al momento en que ocurre el accidente, éste no era empleado del Municipio"*.

**4.** Véase Contestación a Interrogatorios, Apéndice conjunto, págs. 19-21, así como la sentencia. Apéndice Conjunto, págs. 31-36.

**5.** Debemos aquí señalar que la apelante no cuestiona ni impugna la razonabilidad de las sumas concedidas como indemnización por los daños resultantes. Tampoco lo haremos nosotros.

**6.** Por virtud de la Ley Núm. 28 de 9 de junio de 1956 se enmendó el Art. 1802 del Código Civil para erradicar estatutariamente la doctrina de negligencia contribuyente, la cual estuvo vigente en Puerto Rico durante muchos años. Se reconoció de esta manera que la llamada *"Regla Bárbara"* así bautizada por Prosser, y de estirpe anglosajona, la cual impedía que un demandante recobrara del demandado si había contribuido con su propia culpa o negligencia nunca debió tener vigencia en nuestro suelo.

**7.** En cuanto a este último extremo, consignó el tribunal en la sentencia que el Municipio fue crasamente temerario en la litigación de esta causa de acción al asumir una conducta de contumacia y dejadez hacia los procedimientos al negar inicialmente responsabilidad sobre el lugar donde ocurrió el accidente, lo que provocó que se salieran del pleito y se dilataran los procedimientos; al someter su contestación a la demanda en forma tardía; al contestar inadecuadamente los requerimientos de la parte demandante sobre las personas que realizaban las obras: faltar sin excusa alguna a tres (3) conferencias con el tribunal; y al no asistir su representación legal de récord el día del juicio, compareciendo otro abogado a última hora, quien tuvo que abandonar la vista a medio día por tener un compromiso previo, por lo que en adelante fue sustituido por otro abogado que tampoco era el abogado de récord. (Véase Sentencia, Apéndice conjunto, pág. 35.)