# 99 DTA 129

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE BAYAMON
PANEL I**

BENITA FONTANEZ ROSARIO
Demandante-Apelada

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS
Demandados-Apelantes

Núm. KLAN-97-00885

-----------------------------------------------

BENITA FONTANEZ ROSARIO
Demandante-Apelada

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS
Demandados-Apelantes

Núm. KLAN-97-00925

San Juan, Puerto Rico, a 23 de marzo de 1999

Panel integrado por su Presidente, Juez Sánchez Martínez,
la Jueza Cotto Vives y el Juez Urgell Cuebas

Sánchez Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Debemos resolver si el Tribunal de Primera Instancia (Hon. Luis G. Quiñones Martínez, Juez) erró al declarar con lugar una demanda de daños y perjuicios y condenar a los co-demandados Estado Libre Asociado de Puerto Rico y Municipio de Toa Baja al pago de honorarios de abogado. Resolvemos que estuvo correcta la sentencia del tribunal *a quo*, excepto en la imposición de honorarios de abogado por temeridad a los co-demandados, por ser contrario a derecho. Por tal razón, se modifica la sentencia apelada y así modificada, se confirma.

La demandante Benita Fontánez Rosario sufrió una fractura del tobillo y contusiones y lesiones en la espalda al caerse cuando cruzaba la calle Muñoz Rivera en el Municipio de Toa Baja. El tribunal que determinó que la caída se había debido a un desnivel que había en la alcantarilla con el resto de la calle, causado por la repavimentación que el Municipio había llevado a cabo en dicha calle, a través de una compañía privada contratada. De igual forma, el tribunal apelado detrminó que era previsible el hecho de que la repavimentación creara un desnivel en la alcantarilla. Basándose en estas determinaciones de hechos, el Tribunal de Primera Instancia dictó sentencia en contra del Estado y del Municipio de Toa Baja, mediante la cual le concedió a la demandante una compensación de $10,000 y le impuso a los co-demandados el pago de costas y tres mil dólares ($3,000) por concepto de honorarios de abogado, por temeridad.

Tanto el Municipio de Toa Baja como el Estado apelaron ante nos la sentencia (Núm. KLAN-97-00885) y (Núm. KLAN-97-00925), respectivamente. Consolidamos la apelaciones. En su apelación, el Municipio señala como errores: (1) que el Tribunal de Primera Instancia hubiese declarado con lugar la demanda en su contra, cuando éste en su sentencia hizo una determinación respecto a que el desnivel que causó la caída era una condición que razonablemente podía esperarse en el tipo de repavimentación que se había dado; (2) que fuese el Municipio de Toa Baja el que tuviese que asumir la responsabilidad por los daños sufridos por la demandante; (3) que no se le hubiese impuesto responsabilidad a la demandante por haber negligencia concurrente de su parte; y (4) que se le hubiese impuesto el pago de honorarios por temeridad.

Por su parte, el E.L.A. sólo plantea dos errores: (1) que se condenara a dicha parte a satisfacer junto al Municipio de Toa Baja la compensación por daños a la demandante, sin que la prueba hubiese sustentado la reclamación contra el E.L.A.; y (2) que se le hubiese impuesto el pago de honorarios por temeridad. El E.L.A. argumenta que aun cuando es responsable civilmente de los daños y perjuicios que ocasione a las personas o sus propiedades por los desperfectos, falta de reparación o protección suficiente en la vías públicas, a tenor con el Art. 404 del Código Político, 3 L.P.R.A. sec. 422, eso no significa que dicha disposición de ley establezca una norma de responsabilidad absoluta o que dicha parte sea un garantizador absoluto de la seguridad de las personas que utilizan las carreteras públicas. ■ A esos efectos, el E.L.A. señala que el Municipio tomó la iniciativa y llevó a cabo la repavimentación de la calle sin la autorización previa del E.L.A., mediante una asignación de fondos federales, por lo que no debe imponerse responsabilidad al E.L.A. por la situación de peligro provocada por la actuación independiente de dicho Municipio al repavimentar la referida calle.

Los tres primeros señalamientos de error del Municipio, así como el primero del E.L.A. están directamente relacionados con las determinaciones de hechos que hizo el Tribunal de Primera Instancia. Luego de un examen de la prueba presentada, concluimos que dichas determinaciones de hechos están ampliamente sostenidas por la prueba presentada en el caso. El Municipio de Toa Baja aceptó el hecho de que en la repavimentación era previsible que se crearan desniveles en la calle y, además, dicho Municipio conocía que efectivamente la repavimentación hecha a dicha calle había creado un desnivel respecto a la alcantarilla, en vista de que dicho desnivel se permitía en el proyecto de repavimentación. En ese sentido, era totalmente previsible que el desnivel existente pudiese ocasionar la caída de algún transeúnte, con los daños consecuentes de la misma.

El Municipio pretende que sea el E.L.A. quien asuma la responsabilidad de los daños sufridos por la demandante, al indicar que una vez el proyecto de repavimentación fue entregado al Municipio, el mantenimiento de la calle Muñoz Rivera revirtió al E.L.A., por lo que al momento del accidente la referida calle donde ocurrió el mismo ya no estaba bajo la jurisdicción del Municipio. Dicha postura es insostenible y raya en la temeridad, en vista de que el elemento de peligrosidad causado por el desnivel fue creado por el Municipio en su labor de repavimentación. Por otro lado, el E.L.A. no puede evadir la responsabilidad que le impone el Art. 404 del Código Político, escudándose detrás del Municipio. Una vez se llevó a cabo la repavimentación y se creó el peligro existente del desnivel, el E.L.A. debió haberle exigido al Municipio de Toa Baja que eliminara el elemento de peligrosidad creado por dicho desnivel, como consecuencia de la repavimentación, o el E.L.A. debió corregirlo.

El Municipio también plantea que la demandante sufrió la caída debido a la falta de cuidado de ésta, en vista de que la demandante conocía de la propensión de sus extremidades inferiores a flaquear o ceder involuntariamente debido a condiciones médicas preexistentes. A esos efectos, el Municipio aduce que de no determinarse que la conducta de la demandante fue la causa próxima del daño que, al menos, se le imponga un grado de negligencia concurrente de su parte, ascendente al setenta por ciento, y se le reduzca la compensación otorgada. Sabido es que en lo referente a la evaluación y apreciación de la prueba médica pericial, este Tribunal está en la misma posición que los tribunales de primera instancia. *Rodríguez Cancel v. A.E.E.,* 116 D.P.R. 443, 450 (1985). En el caso de autos, un examen de la prueba de carácter pericial nos convence de que estuvo correcta la determinación que hizo el tribunal apelado de que la caída de la demandante se debió al desnivel en el pavimento y no a la condición pre-existente de la demandante. Por tal razón, no tiene razón el co-demandado Municipio de Toa Baja, respecto a que la demandante contribuyó con un grado de negligencia a su caída.

Es norma reiterada en nuestra jurisprudencia que un juez de instancia normalmente está en mejor posición de aquilatar la prueba testifical que un tribunal apelativo, en vista de que éste tiene la ventaja de poder observar y escuchar directamente a los testigos y, por ello, su determinación merece gran respeto. En ese sentido, un tribunal apelativo no intervendrá con la apreciación de la prueba que haya hecho el juzgador de instancia, a no

ser que exista pasión, prejuicio, parcialidad o error manifiesto. *Rodríguez Oyola v. Machado Díaz*, ___ D.P.R. ___ (1994), **94 J.T.S. 82**, a la pág. 12008; *Selosse v. Fund. Educ. Ana G. Méndez,* 122 D.P.R. 534, 545 (1988). Al ser ésta la situación en el caso de autos, confirmamos la sentencia apelada en la que responsabiliza tanto al Municipio de Toa Baja como al E.L.A. por los daños sufridos por la demandante.

Respecto al planteamiento que hacen el E.L.A. y el Municipio de Toa Baja sobre la improcedencia de la imposición de honorarios de abogado por temeridad, resolvemos que ambos tienen razón. El Art. 8 de la Ley de Pleitos contra el Estado, Ley Núm. 104 de 29 de junio de 1955, 32 L.P.R.A. sec. 3083, no lo establece claramente, en vista de que lo que dispone es que la sentencia contra el Estado no incluirá en ningún caso el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos, y que la imposición de costas se regirá por el procedimiento ordinario.

Nuestra jurisprudencia, sin embargo, ha sido explícita en este respecto, al determinar que, como regla general, al amparo de las disposiciones de la Regla 44.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 44.3 (b), tanto el E.L.A., como sus municipios, agencias, instrumentalidades o funcionarios en su carácter oficial, no sólo están exentos de la imposición, por razón de temeridad, de intereses legales en pleitos de cobro de dinero y daños y perjuicios, sino también de la imposición de honorarios de abogado en ese tipo de litigios. *Rodríguez Cancel v. A.E.E.*, supra, a la pág. 459; *Monrozeau v. Srio. de Justicia,* 121 D.P.R. 885, 887 (1988); *Catalytic Ind. Maint. Co. v. F.S.E.,* 121 D.P.R. 98, 113-114 (1988); *Pamel v. E.L.A.,* 124 D.P.R. 853, 857 (1989); *Colondres Vélez v. Bayrón Vélez,* 114 D.P.R. 833, 841 y 843 (1983). El Tribunal ha permitido la imposición de honorarios de abogado contra el Estado como una medida menos drástica a la de ordenar la encarcelación o el pago de una multa por funcionarios públicos que desacatan una orden de *injunction,* pero no como parte de la sentencia. *De León v. Sria. de Instrucción,* 116 D.P.R. 687, 688 y 689 (1985).

Con estos antecedentes, se modifica la sentencia apelada para eliminar la partida referente a los honorarios de abogado y así modificada, se confirma.

Lo acordó este Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIO 99 DTA 129

1. El Art. 404 del Código Político, *supra*, dispone como sigue:

*"El Estado Libre Asociado de Puerto Rico será responsable civilmente de los daños y perjuicios que se ocasionen a las personas o propiedades por desperfectos, falta de reparación o de protección suficientes para el viajero en cualquier vía de comunicación perteneciente al Estado Libre Asociado y a cargo del Departamento de Transportación y Obras Públicas; excepto donde se pruebe que los desperfectos de referencia fueron causados por la violencia de los elementos y que no hubo tiempo suficiente para remediarlos."*