PLANTA DE CAL HICACO, ETC., Y OTROS, peticionaria, *v.* TRIBUNAL SUPERIOR, SALA DE EXPROPIACIONES, HON. DAN F. RODRÍGUEZ, JUEZ, demandado; ESTADO LIBRE ASOCIADO DE PUERTO RICO, interventor.

*Número:* O-74-184      *Resuelto:* 13 de febrero de 1975

*R. Elfren Bernier, Plinio Pérez Marrero, Roberto J. Matos* y
*Raymond L. Acosta,* abogados de la peticionaria; *Myriam
Naveira de Rodón, Procuradora General* y *Ruth Tentori de
Lebrón Velázquez, Procuradora General Auxiliar,* abogadas
del interventor.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del
Tribunal.

El presente recurso plantea desde un ángulo distinto una
cuestión idéntica a la que acabamos de resolver en el día de
hoy en *E.L.A.* v. *Northwestern* Const., Inc., 103 D.P.R. 377
(1975).

En *Northwestern* resolvimos que ni la Sec. 9 de la Carta
de Derechos ni la Ley General de Expropiación Forzosa, 32
L.P.R.A. secs. 2901–2920, limitan la facultad del Estado
Libre Asociado de ocupar extrajudicialmente propiedad pri-
vada para un fin público sin que para ello sea necesaria la
previa consignación de una justa compensación.

Distinto a *Northwestern,* en el presente caso se tomó pose-
sión de la propiedad judicialmente en enero de 1963 cuando
se presentó la demanda de expropiación forzosa y la Declara-
ción de Adquisición y Entrega Material de la Propiedad. En
dicho procedimiento se consignó únicamente la cantidad de
$2.00 por entender el Estado Libre Asociado que los islotes de

Hicaco y Ratones le pertenecían. Posteriormente en *E.L.A.* v. *Tribunal Superior,* 95 D.P.R. 339 (1967), resolvimos que estos islotes pertenecían a la aquí recurrente Planta de Cal Hicaco y devolvimos el caso para la determinación del valor razonable. A tenor con esta decisión el Estado Libre Asociado consignó en abril de 1970 la suma de $1,072,927.97 que estimó como justa compensación. (¹)

La recurrente arguye que la compensación debe de determinarse fijando como fecha de valoración de los terrenos la de abril de 1970 y no la de enero de 1963 cuando se presentó la demanda de expropiación. Su único punto de apoyo es que la Sec. 5(c) de la Ley General de Expropiación Forzosa, 32 L.P.R.A. sec. 2909, requiere el previo pago de la compensación lo cual no es correcto según resolvimos en *Northwestern.*

■ Estamos de acuerdo con la recurrente que para la investidura del título absoluto de dominio en el Estado Libre Asociado es necesaria la previa consignación. Art. 5(a), 32 L.P.R.A. sec. 2907. Pero lo que determina la fecha de valoración no es la investidura del título, que puede tomar años como sucedió en este caso, sino la ocupación de la propiedad (*taking*), ya sea esta judicialmente como lo fue aquí, o, extrajudicialmente como en *Northwestern.*

■ En el caso de autos la ocupación material de los terrenos se efectuó cuando el alguacil del tribunal de instancia diligenció el emplazamiento notificando la demanda de expropiación y la Declaración de Adquisición y Entrega Material de la Propiedad a la recurrente. Desde ese momento el Estado Libre Asociado adquirió la posesión y así lo hizo constar el alguacil al dorso del emplazamiento, poniendo los terrenos a la disposición del Estado.

■ Arguye, además, la recurrente que si se admitiera la facultad del Estado para tomar posesión de propiedad privada

---

(¹) Aunque *E.L.A.* v. *Tribunal Superior,* se resolvió en octubre de 1967 no fue hasta julio de 1969 que se declaró no ha lugar a la moción de reconsideración y se devolvió el mandato.

sin la consignación del valor estimado de la compensación podrían transcurrir 20 ó 30 años en el que una persona estaría privada de su propiedad sin ser compensada. El temor es infundado. El dueño puede siempre ejercitar en protección de su derecho a compensación la acción de expropiación inversa inmediatamente de ocurrida la ocupación material. *E.L.A.* v. *Northwestern Const., Inc.*, supra.

*Se dictará sentencia confirmando la resolución del tribunal de instancia fechada el 13 de abril de 1974 en la cual éste correctamente determinó que la fecha que debe tomarse en consideración para la valoración de los terrenos es la de la presentación de la demanda de expropiación forzosa, en enero de 1963.*