PAMEL CORPORATION, demandante y recurrente, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrido.

*Número:* RE-87-151      *Resuelto:* 7 de diciembre de 1989

*Edelmiro Salas García*, abogado de la recurrente; *Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General, y Lorenzo Vilanova Alfonso, Procurador General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

En el presente recurso debemos determinar si el Tribunal Superior, Sala de San Juan, incidió al dictar la sentencia siguiente:

> Vistas las alegaciones de la demanda de epígrafe, así como el remedio que se solicita, y examinado el expediente del Caso E-86-696 sobre expropiación forzosa pendiente ante esta sala, es evidente que desde el momento en que el Estado Libre Asociado radicó la referida petición de expropiación forzosa la causa de acción ejercitada en el caso de epígrafe quedó fundida dentro del procedimiento de expropiación, convirtiéndose así en académico el caso de epígrafe.
>
> En consecuencia se dicta sentencia decretando el archivo del caso de epígrafe, sin costas u honorarios por resultar el mismo académico. Se continuarán los procedimientos en el caso E-86-696 ante esta sala. Apéndice 17.

Exponemos el historial procesal que dio lugar a dicha sentencia.

El 4 de octubre de 1983 Pamel Corporation presentó en el Tribunal Superior, Sala de Ponce, demanda sobre expropiación forzosa inversa para que se ordenara al Estado Libre Asociado iniciar el procedimiento formal de expropiación forzosa (Civil Núm. 83-2149). Las partes demandadas contestaron la demanda y reconvinieron. Mientras estaba pendiente dicho caso, el 26 de noviembre de 1986 el Estado Libre Asociado presentó en el Tribunal Superior, Sala de San Juan, demanda sobre expropiación forzosa para la adquisición de los terrenos pertenecientes a Pamel Corporation (Caso Civil Núm. E-86-696 (1007)).

El 3 de diciembre de 1986 el abogado de Pamel Corporation presentó en el Caso Civil Núm. 83–2149 una moción de traslado y consolidación, la cual lee:

1. Que sorpresivamente en la vista tantas veces señalada para el juicio en su fondo de este caso, la cual conforme anunció este Honorable Tribunal no habría de ser objeto de ninguna otra suspensión por parte de la Autoridad de Carreteras, se entregó al abogado que suscribe copia de una demanda sobre expropiación forzosa que había sido radicada el 26 de noviembre de 1986, para unos terrenos que comprenden parte de los que son objeto del presente caso.

2. Que la parte demandante en evitación de que se cause a ella mayores daños, interesa el traslado y la consolidación del presente caso con el caso número E-86-696 (1007) de la Sala de San Juan de este Honorable Tribunal.

3. Que la parte demandada Estado Libre Asociado y la Autoridad de Carreteras en este caso se allanaron en corte abierta al traslado y consolidación aquí solicitado. Apéndice 12, pág. 1.

El tribunal accedió a lo solicitado y ordenó el traslado a la Sala 1007 del Tribunal Superior, Sala de San Juan. El magistrado dictó la sentencia recurrida.

Expedimos el auto de revisión solicitado por la parte demandante. En apoyo de su recurso plantea:

-I-

Erró el Honorable Tribunal de Instancia al determinar que la radicación de una petición de expropiación forzosa convierte en académica la tramitación de un caso para obtener daños por la congelación ilegal e inconstitucional de propiedad privada congelada por más de trece años.

-II-

Erró el Honorable Tribunal de Instancia al desestimar motu propio el caso civil 83-2149 sin considerar la prueba y sin considerar los méritos del mismo y denegar la concesión de daños, costas y honorarios a que tiene derecho la parte demandante-recurrente vulnerando así las garantías constitu-

cionales estatales a que tiene derecho un ciudadano de Puerto Rico. Solicitud de revisión, págs. 3–4.

■ La acción desestimada era la de expropiación inversa, en la que precisamente se solicitaba que el Estado expropiara la propiedad de la corporación y pagara la justa compensación y los daños procedentes de la incautación de su propiedad. En este momento lo único que queda por adjudicar es la justa compensación a pagarse. No procede la acción de daños y perjuicios por razón de que ya el Estado procedió a expropiar la finca. Si el tribunal de instancia resuelve que la ocupación de la propiedad (*taking*) de jure o de facto ocurrió desde que se congeló la propiedad, la compensación se fija a base del valor en ese momento. *E.L.A. v. Northwestern Const., Inc.*, 103 D.P.R. 377, 382 (1975); *Planta de Cal Hicaco v. Tribunal Superior*, 103 D.P.R. 385 (1975). Esa determinación tiene que hacerse en el caso de expropiación forzosa que sigue pendiente.

■ La recurrente insiste en que tiene derecho a una compensación por los daños y perjuicios sufridos mientras la propiedad estuvo congelada. Aparte de que corresponde al tribunal de instancia resolver si hubo o no una incautación y la fecha en que se hizo,(1) los casos invocados por Pamel Corporation no son directamente aplicables. *First Lutheran Church v. Los Angeles County*, 482 U.S. 304 (1987), resuelve que puede proceder una acción de daños por la incautación temporera —que le niega al dueño todo uso de su propie-

---

(1) En este recurso no se plantea la validez de la Ley Núm. 46 de 26 de junio de 1987 (32 L.P.R.A. secs. 2923–2927):
"Para establecer en ocho (8) años el término máximo durante el cual los terrenos privados pueden ser reservados para fines públicos luego de ser afectados por el Estado Libre Asociado de Puerto Rico; definir los términos 'afectación', 'dedicación' y 'reserva'; establecer criterios para determinar afectación de terrenos, el cómputo del término máximo de afectación y el procedimiento para liberarlos; derogar la Ley Núm. 2 del 29 de enero de 1979." 1987 Leyes de Puerto Rico 165–166.

dad— aunque el Estado luego deje sin efecto la reglamentación u orden de congelación. Cuando el Estado expropia, lo que procede es la compensación por el valor de la propiedad al momento de la incautación y los intereses correspondientes. Como señala el Procurador General:

En suma, es innegable que *Lutheran Church* resuelve que por imperativo constitucional federal el gobierno —federal, estatal o municipal— debe compensar por una incautación temporera. La invalidación de la reglamentación después del "taking" no priva al propietario de compensación por el período en que su propiedad estuvo sujeta a la reglamentación. La Corte Suprema resumió así su decisión:

"We merely hold that where the government's activities have already worked a taking of all use of property, no subsequent action by the government can [r]elieve it of the duty to provide compensation for the period during where the taking was effective" (107 S. Ct. 2378, 2389).

La opinión termina con el *caveat* de que "we must assume that the Los Angeles County ordinances have denied appellant all use of its property for a considerable period of years, and we hold that invalidation of the ordinance without payment of fair value for the use of the property during this period of time would be a constitutionally insufficient remedy" (107 S. Ct. 2378, 2380). Informe del Procurador General, págs. 13–14.

▪ Tampoco tiene méritos la alegación del propietario de que el archivo de su demanda le impide reclamar honorarios de abogado. De ordinario, no procede que se impongan honorarios de abogado contra el Estado Libre Asociado. *Monrozeau v. Srio. de Justicia*, 121 D.P.R. 885 (1988); *Colondres Vélez v. Bayrón Vélez*, 114 D.P.R. 833 (1983).

▪ Para concluir, no erró el tribunal al resolver que una vez el Estado decide expropiar, la acción de expropiación inversa queda fundida en la de expropiación forzosa. *Olivero v. Autoridad de Carreteras*, 107 D.P.R. 301 (1978). Como resolvimos en *Sucn. García v. Aut. de Carreteras*, 114 D.P.R. 676

(1983), una vez se inicia la acción de expropiación y se consigna la cantidad por la que se valora la propiedad, el pleito de expropiación inversa se torna académico.

Por los motivos expuestos, *se confirmará la sentencia recurrida y se devolverá el caso al Tribunal Superior, Sala de San Juan, para que continúen los procedimientos de forma compatible con esta sentencia.*