ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **MUNICIPIO DE SAN JUAN** | | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan** |
| Apelante | | |
| v. | KLAN202300156 | |
| **CITIZENS RENOVATION & DEV. CORP.** | | Civil Núm.: **K EF 2000-0291** |
| Apelado | | Sobre: Expropiación Forzosa |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Cintrón Cintrón, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece ante nos, mediante recurso de *Apelación*, el Municipio Autónomo de San Juan (Municipio o apelante) y solicita que revisemos la *Sentencia* emitida el 27 de diciembre de 2022, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante esta, el TPI declaró Con Lugar la petición sobre expropiación forzosa presentada por el Municipio, decretó la justa compensación a pagarse por la propiedad y dispuso que los intereses de la compensación otorgada se computarían de forma compuesta.

Por los fundamentos que expondremos a continuación, modificamos la *Sentencia* apelada. Devolvemos el caso al foro primario para que calcule los intereses de forma simple, al palio del Artículo 5(b) de la Ley de 12 de marzo de 1903, conocida como la *Ley General de Expropiación Forzosa* de 1903, 32 LPRA sec. 2908, según enmendada (Ley de Expropiación Forzosa).

Número Identificador
SEN2023 _____

**I.**

Según surge del expediente, el 16 de junio de 2000, el Municipio instó el pleito de referencia sobre expropiación forzosa para la adquisición de la propiedad descrita en el Exhibit "A" de la *Petición* (Parcela Núm. 00-001 y Parcela Núm. 00-002). El fin de la expropiación era utilizar la propiedad para el Proyecto Península de Cantera. El Municipio adujo que la cantidad de $59,750.00 era justa y razonable para dicha adquisición y depositó la misma en la Secretaría del Tribunal para que quedara a disposición de las personas o entidades con derecho a ella. En el Exhibit "A" se denominó, entre otros, a Citizens Renovation & Development Corp. (Citizens o apelada) como parte con interés del procedimiento. Mediante *Resolución* del 19 de junio de 2000, el TPI declaró expropiada la propiedad descrita en el Exhibit "A" y ordenó el traspaso del título de dominio absoluto al Municipio.

Tras un extenso trámite procesal, el cual incluyó controversias sobre la posible adquisición de una franja adicional de terreno por parte del Municipio en el 2012 y la presentación en el Tribunal de Apelaciones de una *Petición de Certiorari*, el Municipio revaloró la propiedad expropiada en $646,000.00 ($586,250.00 más de lo consignado originalmente). Como resultado, el 5 de diciembre de 2018, el TPI emitió una *Orden*, mediante la cual concedió 60 días al Municipio para que, en lo pertinente, enmendara el Exhibit "A"[1] y consignara una suma adicional por la revalorización de la propiedad.

El 11 de marzo de 2019, las partes del caso presentaron una *Estipulación Transaccional*, en la cual aclararon que el Municipio

---

[1] El "*Exhibit A*" consiste en la relación de la descripción de las propiedades a adquirirse en pleno dominio y del estimado de la compensación a consignarse y de las personas y/o entidades con interés en el procedimiento. En el documento se describen las dos (2) parcelas que fueron objeto de expropiación por parte del Municipio y las personas con interés sobre las mismas, junto con la compensación y las cargas y gravámenes. Véase, Apéndice de la *Apelación*, pág. 5.

depositó originalmente $59,750.00, representativo de $1.39 por metro cuadrado, porque se descontó erróneamente el valor de las estructuras de terceras personas. Así, las partes concertaron que el valor de las dos (2) parcelas adquiridas era de $800,000.00, a razón de $18.58 por metro cuadrado. Ante ello, pactaron que el Municipio consignaría $740,250.00, por concepto de la diferencia entre el valor acordado y la cantidad consignada a la presentación de la *Petición.* Además, convinieron añadir los intereses constitucionales, según el caso *E.L.A. v. Rexco Industries,* 137 DPR 683 (1994). Sin embargo, el TPI no aceptó la *Estipulación Transaccional,* debido a que en esta no se incluyó los nombres de las partes con interés que comparecían. Advirtió que solo Citizens estaba legitimada a disputar el justo valor en el caso y a estipular sobre dicho particular. El tribunal añadió que la estipulación tampoco contenía la firma de los peritos, ni del representante del Municipio.[2]

Luego de varios trámites, el 1 de diciembre de 2021, el Municipio presentó *Moción para Enmendar el Exhibit A y de Consignación.* En la misma, expresó que las partes celebraron una reunión con la participación de los tasadores y acordaron que el valor de las parcelas expropiadas era de $800,000.00. A su vez, adujeron que había que enmendar, por tercera vez, el Exhibit "*A*" para que reflejara el valor correcto y añadirle los intereses. Además, el Municipio argumentó que la Sec. 5(b) de la Ley de Expropiación Forzosa, supra, enmendada por el Art. 1 de la Ley Núm. 167 del 8 de octubre de 2015, 32 LPRA sec. 2908, conocida como la *Ley para enmendar la Sección 5B de la Ley del 12 de marzo de 1903, Ley de Procedimientos Legales Especiales: Expropiación Forzosa,* (Ley Núm. 167-2015), estableció que, una vez dictada la sentencia en un caso de expropiación, los intereses se computarían a razón del tipo de

---

[2] *Orden* del 14 de marzo de 2019. Apéndice de la *Apelación,* págs. 41-42.

interés anual que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras (OCIF) y que esté en vigor al momento de dictarse la sentencia. No obstante, planteó, que como en este caso no se había dictado sentencia aún, el cómputo debía hacerse a base de un interés simple.

El 4 de enero de 2022, Citizens presentó *Moción en torno a la solicitud de enmienda al "Exhibit A" presentada por el Municipio de San Juan y Moción reiterando previas solicitudes de retiro de fondos.* En su comparecencia, objetó la forma en que el Municipio computó los intereses y arguyó que no se tomó en consideración varias disposiciones del Código Civil de 1930. Alegó que se debían pagar intereses compuestos. Finalmente, refutó la aplicación retroactiva de la Ley Núm. 167-2015.[3] Mediante *Resolución* del 12 de enero de 2022, el TPI autorizó la tercera enmienda al Exhibit *"A"*.

El 11 de febrero de 2022, el Municipio presentó *Moción en Cumplimiento de la Orden para Replicar la Moción de la Parte con Interés Objetando la Enmienda al Exhibit "A" y Solicitud de Paralización.* Alegó que no procedía la aplicación de los Arts. 1655 y 1126 del Código Civil de 1930 a la controversia de epígrafe, sino lo dispuesto en la Ley Núm. 167-2015, *supra.* Además, arguyó que el Tribunal Supremo de Puerto Rico, en *E.L.A. v. Rexco Industries*, supra, determinó que el pago de intereses de sentencia en los casos de expropiaciones se haría a base de la Regla 44.3 de Procedimiento Civil y el Reglamento 78-1 de la OCIF. Por su parte, Citizens propuso que la Regla 44.3 de Procedimiento Civil se refería al interés legal, el cual debía ser sustituido, bajo *E.L.A. v. Rexco Industries*, supra, por la tasa de interés que fijara de tiempo en tiempo la OCIF.

---

[3] Citizens sostuvo que no aplicaba la Ley Núm. 167-2015, conforme lo resuelto por el Tribunal de Apelaciones en los casos de *Maruz Real Estate Corp. v. Municipio de San Juan* y *ELA,* KLAN201600665, Sentencia del 9 de diciembre de 2016 y en *Autoridad de Carreteras v. Rexach Hermanos, Inc.,* KLAN202100736, Sentencia del 23 de diciembre del 2021. Según sus alegaciones, los intereses debían ser capitalizados, es decir, computados de forma compuesta.

Tras una multiplicidad de argumentaciones referentes a la forma en que se calcularían los intereses y si procedía la aplicación retroactiva de la Ley Núm. 167-2015, el 27 de diciembre de 2022, el TPI dictó la *Sentencia* que hoy revisamos. En síntesis, el foro primario declaró que el título en pleno y absoluto dominio sobre la propiedad expropiada, según la tercera enmienda del Exhibit "A", quedó investido a favor del Municipio. Asimismo, decretó que la justa compensación a pagarse por la propiedad expropiada es $800,000.00, más intereses, disponiendo así que se computarán de forma compuesta, calculados de semestre en semestre desde la fecha de incautación hasta el pago total de la justa compensación, según lo dispone el caso de *Aut. Carreteras v. 8,554.741 m/c II*, 172 DPR 1050 (2008), y conforme a la metodología incluida en la misma *Sentencia*.

Cónsono con lo anterior, el TPI expresó que cuando el Municipio presentó junto a la *Petición*, la *Declaración para la Adquisición y Entrega Material de la Propiedad* y depositó la justa compensación, el título quedó investido a su favor para el uso y beneficio que la motivó. Por ende, sostuvo que la fecha de la incautación del sujeto expropiado fue el 16 de junio de 2000 y no fue hasta el 11 de marzo de 2019, que las partes reconocieron un valor mayor por las parcelas adquiridas y acordaron una consignación adicional de $740,250.00.

El Tribunal añadió que en el caso de autos la expropiación ocurrió previo a la aprobación de la Ley Núm. 167-2015, por lo que se sostenía el pago de intereses compuestos, aunque la sentencia se emitiera posterior a dicha aprobación. De otra parte, al aplicar lo resuelto por un Panel Hermano de este Foro en *Autoridad de Carreteras v. Rexach Hermanos, Inc.*, KLAN202100736, determinó que procedía el cómputo de los intereses compuestos, debido al

tiempo sustancial transcurrido entre la incautación y la consignación del justo valor del bien expropiado.[4]

Inconformes, el 24 de febrero de 2023, el Municipio acudió ante nos mediante recurso de *Apelación*. En su escrito, señala que el foro *a quo* cometió el siguiente error:

> Erró el Tribunal de Primera Instancia cuando al dictar su Sentencia, el 27 de diciembre de 2022, fundamentó la misma en la doctrina establecida en el caso de *Autoridad de Carretera v. 8,554.741 m/c II*, 172 DPR 1050, 1065 (2008), que no guarda armonía con lo establecido en el Artículo (5b) de la Ley de Expropiaciones, según enmendada, 32 LPRA sec. 2908, y el Artículo 9.003 de la Ley de Municipios Autónomos, 21 LPRA sec. 4453; y en los cuales claramente, el legislador dispuso que los intereses a pagarse con motivo de una expropiación se determinarán una vez se dicte la sentencia, y el cómputo de éstos será de forma simple y no compuesta.

Citizens presentó su alegato en oposición, por lo que, con el beneficio de la comparecencia de todas las partes, resolvemos.

## II.

### A. Expropiación Forzosa

Nuestra Constitución reconoce el derecho fundamental al disfrute de la propiedad. Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1. No obstante, este no es absoluto, pues cede, por ejemplo, ante el poder inherente que tiene el Estado para adquirir bienes privados mediante el procedimiento de la expropiación forzosa. *Ortiz Zayas y otros v. Estado Libre Asociado de Puerto Rico*, 2023 TSPR 43, 211 DPR __ (2023), resuelto el 5 de abril de 2023, citando a *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 603 (2021).

---

[4] Recientemente en el caso *Martínez Fernández y otros v. Oficina de Gerencia de Permisos y otros*, 2023 TSPR 75, 211 DPR ___ (2023) el Tribunal Supremo de Puerto Rico expresó que:
Es importante aclarar, [...], que el dictamen de un panel del Tribunal de Apelaciones **no obliga a otro panel que atienda la misma controversia**. A lo más, las determinaciones de un panel podrían considerarse persuasivas para otro. Véase: Art. 4.005 de la Ley Núm. 201- 2003, conocida como la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24x.

Existen límites importantes al ejercicio de la facultad gubernamental del poder de expropiar. En su Art. II, sección 9, nuestra Constitución establece que "no se tomará o perjudicará la propiedad privada para uso público a no ser mediante el pago de una justa compensación y de acuerdo con la forma provista por ley". Con el pago de una justa compensación se busca "colocar al dueño de la propiedad en una situación económica equivalente a la que se encontraba con anterioridad a la expropiación de su propiedad." *ELA v. El Ojo de Agua Development,* 205 DPR 502, 519 (2020), citando a *Amador Roberts v. ELA,* 191 DPR 268 (2014). Por lo tanto, una justa compensación es decente si refleja el "valor en el mercado del [bien] expropiado", es decir, "el precio que un comprador estaría dispuesto a pagar en una venta voluntaria y que un vendedor estaría dispuesto a aceptar, considerando para ellos las condiciones en que se halle el bien a la fecha de la expropiación" y el mejor uso de la propiedad en un futuro razonablemente cercano. *Adm. Terrenos v. Ponce Bayland,* supra, pág. 607, citando a *ELA v. Fonalledas Córdova,* 84 DPR 573, 579 (1962).

La concesión de la justa compensación ante la expropiación de un bien privado es una de las protecciones constitucionales más arraigadas a nuestro ordenamiento. Así, se establece un balance entre el derecho al disfrute de la propiedad y el poder inherente del Estado como soberano. *Adm. Terrenos v. Ponce Bayland,* supra. Además, se ha establecido jurisprudencialmente que es una cuestión que le compete decretar a los tribunales, es decir, una tarea esencialmente judicial. *E.L.A. v. Rexco Industries,* supra, pág. 688.

De otro lado, sabido es que toda determinación del TPI goza de una presunción de legalidad y corrección. En nuestra revisión apelativa, la norma fundamental es que no debemos intervenir con las determinaciones de hechos, ni con la adjudicación de credibilidad del foro primario, a menos que este último haya

incurrido en error manifiesto, pasión, prejuicio o parcialidad. *Vargas v. González,* 149 DPR 859, 866 (1999); *SLG Carrasquillo v. AAA*, 177 DPR 345, 356 (2009).

### B. El pago de intereses en casos de expropiación forzosa

En *Pamel Corp. v. ELA*, 124 DPR 853, 857 (1989), el Tribunal Supremo de Puerto Rico estableció que cuando el Estado expropia, lo que procede es la compensación por el valor de la propiedad al momento de la incautación y los intereses correspondientes.

A tenor con lo anterior, la Sección 5(b) de la Ley de Expropiación Forzosa, supra, enmendada, establece que este procedimiento será uno "*in rem*", es decir, que la acción se dirige contra la propiedad o propiedades a expropiar y no contra un demandado en particular. *Pueblo v. McCormick, Alcaide & Co.*, 78 DPR 939, 945 (1956). Además, ordena el pago de intereses cuando existe una diferencia entre la suma fijada por la parte que solicita la expropiación y la cantidad que determine el Tribunal como justa compensación. *Aut. Carreteras v. 8,554.741 m/c I,* 172 DPR 278 (2007). En específico, la Ley Núm. 167-2015, supra, dispone que:

> En cualquier sentencia dictada en un procedimiento de expropiación forzosa para la adquisición de propiedad privada o de cualquier derecho sobre la misma para uso público o aprovechamiento en beneficio de la comunidad, entablado por el Estado Libre Asociado de Puerto Rico o Gobierno Estatal directamente, o a su nombre por cualquier agencia, autoridad, instrumentalidad o funcionario del Estado Libre Asociado de Puerto Rico, en que la cantidad determinada por el tribunal como justa compensación por la propiedad o los derechos en la misma objeto de tal procedimiento, tanto en caso de trasmisión del título como de la mera posesión sin trasmisión del título, sea mayor que la cantidad fijada por el demandante y depositada en el tribunal como justa compensación por tal propiedad o derechos en la misma, **el Estado Libre Asociado de Puerto Rico pagará el importe de la diferencia entre la suma así fijada por el demandante y depositada por él en el tribunal y la cantidad que a tal efecto haya determinado el tribunal como justa compensación por dicha propiedad o derechos en las mismas objeto de tal procedimiento, con intereses a razón del tipo de interés anual que fije por Reglamento la Junta Financiera de la Oficina del Comisionado de**

**Instituciones Financieras y que esté en vigor al momento de dictarse la sentencia**, de conformidad con la Regla 44.3 de las de Procedimiento Civil, sobre tal diferencia a contar desde la fecha de la adquisición de tal propiedad o derechos y desde esta fecha hasta la del pago de dicha diferencia. En los casos donde el periodo entre la incautación y el pago total del Estado exceda un semestre, el Tribunal deberá considerar las variaciones en las tasas de interés aplicables a los semestres comprendidos entre la fecha de la expropiación hasta la fecha del pago total de la justa compensación, según determinados por la Oficina del Comisionado de Instituciones Financieras (OCIF); disponiéndose que los intereses se computarán de forma simple y no compuesta. Disponiéndose, además, que en los casos en que el demandado o demandados apelen de la sentencia fijando la compensación y el Tribunal Supremo confirmase dicha sentencia o rebajase la compensación concedida, el apelante no recobrará intereses por el período de tiempo comprendido entre la fecha de radicación del escrito de apelación y hasta que la sentencia del Tribunal Supremo fuera final, firme y ejecutoria.

Una vez la sentencia emitida advenga final y firme, se pagará al demandado en dicho procedimiento de expropiación el importe de la diferencia que se especifica en el párrafo anterior, con intereses sobre la misma, con cargo a la asignación disponible para esos efectos, cuya sentencia tendrá la prelación dispuesta en el Artículo 4(c) de la Ley 147 de 18 de junio de 1980, según enmendada, en las situaciones donde se active la Sección 8, Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico. (Énfasis nuestro)

El pago de intereses es una parte integral de la justa compensación según el mandato constitucional de justa compensación. *E.L.A. v. Rexco Industries,* supra. Los intereses son una partida que integra la justa compensación, que, si bien se computan a base del valor o los daños que se determinen sobre la propiedad, no forman parte de la valoración. Nuestro ordenamiento dispone que los intereses se computarán sobre la suma de dinero en exceso a la consignada y desde la fecha en que ocurrió la expropiación, hasta la fecha en que se consigne la suma adicional. 32 LPRA sec. 2907. La tasa de interés que fije la Junta Financiera

de la OCIF es la que se utilizará para calcular intereses en casos de expropiación forzosa. 32 LPRA sec. 2908.[5]

### C. Ley de Municipios Autónomos derogada por el Código Municipal de Puerto Rico

La Ley Núm. 81 de 30 de agosto de 1991 según enmendada, conocida como la *Ley de Municipios Autónomos de Puerto Rico*, en su Artículo 9.003(1)(k), enmendado por la Ley Núm. 83-2017, mejor conocida como Ley para enmendar los Artículos 2.001, 2.005 y 9.003 de la Ley Núm. 81-1991, dispone, en lo pertinente:[6]

> En los casos donde se presente la Petición de Expropiación Forzosa la Justa Compensación deberá determinarse y adjudicarse en el procedimiento de expropiación presentado, y decretarse por la sentencia que recaiga en el mismo, debiendo la sentencia incluir, como parte de la justa compensación concedida, intereses al tipo anual, **computados sobre una base simple**, que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras y que esté en vigor al momento de dictarse la sentencia de conformidad con la Regla 44.3 de Procedimiento Civil de 2009, sobre la cantidad adicional finalmente concedida como valor de la propiedad a contar desde la fecha de la adquisición, y desde dicha fecha hasta la fecha del pago; pero los intereses no deberán concederse sobre aquella parte de dicha cantidad que haya sido depositada y pagada en el tribunal. Ninguna cantidad así depositada y pagada estará sujeta a cargo alguno por concepto de comisión, depósito o custodia. Disponiéndose, que en los casos en que las partes con interés apelen la sentencia fijando la compensación y el Tribunal Supremo confirmase dicha sentencia o rebajase la compensación concedida, el apelante no recobrará intereses por el período de tiempo comprendido entre la fecha de radicación del escrito de apelación y hasta que la sentencia del Tribunal Supremo fuera final, firme y ejecutoria." (Énfasis nuestro)

Ahora bien, la Ley Núm. 107 del 13 de agosto de 2020, mejor conocida como el *Código Municipal de Puerto Rico*, era la legislación vigente al momento que se dictó la *Sentencia* del TPI referente a la

---

[5] En lo pertinente a la controversia en el caso ante nos, el Reglamento 78-1 de la OCIF, en la sección tres (3), dispone lo siguiente:
   a) Sentencias impuestas al Estado Libre Asociado de Puerto Rico, sus municipios, agencias, instrumentalidades, corporaciones públicas o funcionarios en su carácter oficial: La tasa equivalente al rédito de los "US Treasury Bills" con vencimiento a seis (6) meses redondeados al ½ punto más cercano.

[6] Por ser la Ley de Municipios Autónomos de Puerto Rico la vigente al momento de la Petición de expropiación forzosa de epígrafe, se incluye en la discusión.

controversia ante nos. En relación con el cómputo de los intereses, el Art. 2.018(a)(11), 21 LPRA sec. 7183, del aludido Código Municipal, establece que:

> *Justa Compensación (Valor Razonable en el Mercado)* — En el caso de compra o expropiación forzosa de la propiedad particular para fines de utilidad pública o beneficio social, la indemnización deberá basarse en el valor razonable en el mercado de tal propiedad.
>
> En los casos donde se presente la petición de expropiación forzosa, la justa compensación deberá determinarse y adjudicarse en el procedimiento de expropiación presentado, y decretarse por la sentencia que recaiga en el mismo, debiendo la sentencia incluir, como parte de la justa compensación concedida, intereses al tipo anual, **computados sobre una base simple,** que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras y que esté en vigor al momento de dictarse la sentencia, de conformidad con la Regla 44.3 de las Reglas de Procedimiento Civil de Puerto Rico [...] (Énfasis nuestro)

**III.**

En su único señalamiento de error, el Municipio alega que erró el TPI en su dictamen al imponer el cómputo de los intereses de forma compuesta y no simple, contrario a lo dispuesto en el caso *Aut. Carreteras v. 8,554.74 m/c II*, supra.

Examinado con detenimiento el marco fáctico y el derecho aplicable, concluimos que el TPI se equivocó al emitir el dictamen apelado en cuanto a lo dictaminado en la forma y manera de calcular los intereses. Veamos.

El Municipio presentó la petición de expropiación forzosa el 16 de junio de 2000. El precio inicial como compensación consistía en $59,750.00, el cual fue entregado el 19 de junio de 2000. Posteriormente, las partes establecieron que la cantidad de una justa compensación ascendía a $800,000.00, más los intereses constitucionales aplicables. El Municipio procedió a efectuar la consignación de la cantidad acordada en tres (3) momentos distintos; el 19 de junio de 2000 por **$59,750.00**, el 8 de agosto de 2019 por **$586,250.00** y, por último, el 23 de diciembre de 2019

por **$154,352.57**. La suma total ascendió a **$800,352.57**, quedando así la cantidad en exceso de **$352.57**, los cuales el Municipio utilizaría como crédito para el pago de intereses adeudados.

Por un lado, el Municipio entiende que aplica lo dispuesto en la Sec. 5(b) de la Ley de Expropiación Forzosa, *supra,* y la Ley Núm. 81-1991, *supra,* que disponen que los intereses a pagarse con motivo de una expropiación se determinarán a partir de que se dicte la sentencia y se computarán de forma simple.

Por otro lado, Citizens aduce que, al aplicar las dos (2) aludidas legislaciones, se violaría el principio de derecho que prohíbe la aplicación retroactiva de las leyes para perjudicar, reducir y menoscabar derechos a un ciudadano o entidad. En síntesis, arguye que la Ley de Expropiación Forzosa y el Código Municipal menoscabarían sus derechos, toda vez que la expropiación ocurrió en el 2000.

Nuestro más Alto Foro, en *Aut. Carreteras v. 8,554.741 m/c I,* supra, resolvió que, en aquellos casos en donde el periodo de incautación y el pago total del Estado exceda un semestre, el TPI viene obligado a considerar las variaciones en las tasas de interés entre los distintos semestres. *Íd.*, pág. 295. Sobre la justa compensación, expresó que "equivale a la compensación que recibiría una persona prudente que invierta una cantidad que produzca un rédito razonable que a la misma vez mantenga la seguridad del principal invertido." *Íd.*, pág. 302.

Además, en *Aut. Carreteras v. 8,554.741 m/c II,* supra, el Tribunal Supremo tuvo ante su consideración el asunto del pago de los intereses. En esencia, concluyó que las tasas de interés aplicables en los casos de expropiación forzosa reflejan las fluctuaciones imperantes en el mercado de valores. Además, expresó

que los intereses por motivo de expropiación forzosa se computarían a partir de que se dicte la sentencia.

Así las cosas, la Ley Núm. 167-2015 enmendó la Sec. 5(b) de la Ley de Expropiación Forzosa y estableció que los intereses se computarían de manera simple en casos de expropiaciones forzosas. Subsiguientemente, la Ley de Municipios Autónomos fue enmendada y sustituida por el Código Municipal, Ley Núm. 107-2020. No obstante, referente al cómputo de los intereses en casos de expropiaciones forzosas, el texto se mantuvo igual. Es decir, los intereses se computarían de forma simple.

El computo de los intereses en este caso es un asunto de carácter procesal. La legislación de carácter procesal "tienen efecto retroactivo y deben aplicarse con preferencia, pues suponen mayor protección para los derechos en litigio." *Con. Tit. Aquamarina et al. v. Triple-S*, 210 DPR ___, 2022 TSPR 103.

En *E.L.A. v. Rexco Industries, Inc.*, supra, el Tribunal Supremo concluyó que la economía no es estática, por lo que no existe justificación para obligar al Estado a pagar de más, o de menos ante una expropiación. *Íd.*, pág. 689. Le compete a la legislatura determinar la forma y manera en que se computarán los intereses cuando se trata de una expropiación. *Misión Industrial de PR, Inc. v. Junta de Planificación*, 146 DPR 64, 91 (1998).

Si bien el Tribunal Supremo de Puerto Rico en el caso de *Aut. Carreteras v. 8,554.741 m/c II*, supra, dispuso que los intereses en casos de expropiación forzosa se computarían de forma compuesta, posteriormente, la Sec. 5(b) de la Ley de Expropiación Forzosa que fue enmendada por la Ley Núm. 167-2015 esclareció la aplicabilidad de los intereses en casos de expropiaciones forzosas. Por lo tanto, debido a que la legislación antes expuesta dispone que los intereses se determinarán a partir de que se dicte sentencia, y toda vez que la Sec. 5(b) de la Ley de Expropiación Forzosa vigente al momento de

la sentencia, así lo mandata aplica lo establecido en ella. Ante ello, forzoso es concluir que los intereses aplicables en casos como el de autos se computarán de manera simple y no compuesta.

Lo que la cláusula constitucional exige es que se coloque al afectado en la misma situación en la que se encontraba con anterioridad a la expropiación forzosa. En cuanto a los intereses, es imperativo que los mismos compensen adecuadamente al afectado por el retraso del Estado en desembolsar el justo valor en el mercado del bien expropiado.

En este caso, en atención al derecho expuesto, concluimos que, como cuestión constitucional, el derecho de Citizens a una justa compensación en este caso incluye los intereses computados de manera simple.

**IV.**

Por los fundamentos expuestos, resolvemos modificar la *Sentencia* apelada, a los únicos efectos de variar la forma y manera en la cual se calculan los intereses sobre la justa compensación. Estos deben ser de forma simple y no compuesta. En consecuencia, devolvemos el caso al foro primario para que realice el cómputo de los intereses en controversia, conforme lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


                                        Lcda. Lilia M. Oquendo Solís
                                    Secretaria del Tribunal de Apelaciones